```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

TOM DAFFRON,                  )
                              )
               Plaintiff,     )
                              )   No.  CV-06-263-HU
     v.                       )
                              )
JO ANNE B. BARNHART,          )
COMMISSIONER OF SOCIAL        )
SECURITY,                     )   FINDINGS & RECOMMENDATION
                              )
               Defendant.     )
_____)
```

David B. Lowry
9900 S.W. Greenburg Road
Columbia Business Center, Suite 235
Portland, Oregon 97223

    Attorney for Plaintiff

Karin J. Immergut
UNITED STATES ATTORNEY
District of Oregon
Neil J. Evans
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Joanne E. Dantonio
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

1 - FINDINGS & RECOMMENDATION

1  HUBEL, Magistrate Judge:

2      Plaintiff Tom Daffron filed this action against the
3  Commissioner seeking review of the denial of his applications for
4  Disability Insurance Benefits (DIB) and Supplemental Security
5  Income (SSI). Defendant moves to dismiss the Complaint for lack of
6  subject matter jurisdiction based on plaintiff's failure to exhaust
7  administrative remedies. I recommend that defendant's motion be
8  granted.

9                                  BACKGROUND

10      After proceeding through the initial stages of the DIB and SSI
11  application process, plaintiff requested a hearing before an
12  administrative law judge (ALJ). Exh. 1 to Ray Declr. On October
13  3, 2005, ALJ Charles Evans issued a Notice of Hearing addressed to
14  plaintiff at 204 S.W. 8th #610, Portland, Oregon 97205. Exh. 2 to
15  Ray Declr. The notice informed plaintiff that his hearing was set
16  for Friday, November 18, 2005, at 2:30 p.m. Id. Plaintiff did not
17  appear at the hearing. Ray Declr. at ¶ 3b.

18      On December 21, 2005, the ALJ issued an order dismissing
19  plaintiff's request for hearing because plaintiff failed to appear
20  at the November 18, 2005 hearing and failed to respond to a
21  November 29, 2005 Notice to Show Cause for Failure to Appear. Exh.
22  3 to Ray Declr.

23      On December 29, 2005, plaintiff filed a Request for Review of
24  Hearing Decision with a Good Cause Statement. Exh. 4 to Ray Declr.
25  In the Good Cause Statement, plaintiff's counsel explained that
26  plaintiff did not receive the October 3, 2005 Notice of Hearing
27  because plaintiff had moved from his residence and the Office of
28  Hearings and Appeals did not have plaintiff's current address. Id.

2 - FINDINGS & RECOMMENDATION

1  Plaintiff's counsel stated that plaintiff moved twice since the
2  time he had requested a hearing in January 2004.  Id.  Plaintiff's
3  counsel then explained that plaintiff's address changes had not
4  been communicated to Social Security until plaintiff called them in
5  late November 2005.  Id.  Plaintiff's counsel asserted that during
6  this phone call, plaintiff was told that his claim was still open.
7  Id.  Plaintiff's counsel states that plaintiff was not told that a
8  hearing had previously been scheduled and that he had since been
9  required to provide a good cause letter for not attending.  Id.
10     On February 6, 2006, the Appeals Council denied plaintiff's
11 request for review.  Exh. 5 to Ray Declr.  Plaintiff then filed
12 this action.

### STANDARDS

14     A motion to dismiss brought pursuant to Federal Rule of Civil
15 Procedure 12(b)(1) addresses the court's subject matter
16 jurisdiction.  The party asserting jurisdiction bears the burden of
17 proving that the court has subject matter jurisdiction over his
18 claims.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,
19 377 (1994).
20     A Rule 12(b)(1) motion may attack the substance of the
21 complaint's jurisdictional allegations even though the allegations
22 are formally sufficient.  St. Clair v. City of Chico, 880 F.2d 199,
23 201 (9th Cir. 1989).  The court may consider evidence outside the
24 pleadings to resolve factual disputes.  Id.; see also Dreier v.
25 United States, 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to
26 the court's subject matter jurisdiction under Rule 12(b)(1) may
27 rely on affidavits or any other evidence properly before the
28 court).

3 - FINDINGS & RECOMMENDATION

DISCUSSION

Under the Social Security Act, judicial review is limited to "final decision[s] of the Commissioner of Social Security made after a hearing . . . ." 42 U.S.C. § 405(g). The statute further provides that "[n]o . . . decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

As explained by the Ninth Circuit, "[t]he Supreme Court has stated that § 405(g) 'clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing."' Califano v. Sanders, 430 U.S. 99, 108, 99 S. Ct. 980, 51 L.Ed. 2d 192 (1977) (emphasis added) (quoting 42 U.S.C. § 405(g))." Subia v. Commissioner, 264 F.3d 899, 902 (9th Cir. 2001). Without a hearing or final decision by the Commissioner, the claimant "fail[s] to exhaust the administrative remedy upon which judicial review depends." Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992).

In Hoye, the claimant failed to appear for his scheduled hearing. He was notified of the hearing, but refused to attend because he alleged that the ALJ who had been assigned the case was prejudiced against his attorney. Id. The court explained that by refusing to attend, the claimant waived his opportunity for a hearing and thus, failed to exhaust his administrative remedies which then precluded judicial review. Id.

Hoye recognized that the failure to exhaust could be waived by the assertion of a colorable constitutional claim, including the denial of due process. Id.; see also Subia, 264 F.3d at 902 (claimant's failure to exhaust administrative remedies may be

4 - FINDINGS & RECOMMENDATION

waived and judicial review granted upon assertion of colorable constitutional claims). Here, plaintiff alleges that he has a colorable constitutional claim because he never received the Notice of Hearing and a basic principle of the Due Process Clause guarantees him the right to notice and the opportunity to be heard. Pltf's Mem. at p. 2.

Although it is "axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied[,]" Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001), "[t]he mere allegation of a [] due process violation is not sufficient to raise a 'colorable' constitutional claim to provide subject matter jurisdiction." Hoye, 985 F.2d at 992.

The pertinent social security regulations require the Commissioner to provide the notice of hearing to a claimant at the claimant's "last known address." 20 C.F.R. § 404.938(a); 20 C.F.R. § 416.1438(a). Here, the record establishes that the Commissioner sent the hearing notice to plaintiff's last known address. Plaintiff does not dispute that the notice was sent to the last address provided by him to the Commissioner.

In contrast to Udd, where the claimant demonstrated that he lacked the mental capacity to understand the notice sent to him, plaintiff here alleges no infirmity or incapacity in his ability to provide the Commissioner with a current address, in his ability to understand the notice, or in his ability to physically present himself at the hearing location. Thus, the Commissioner provided constitutionally adequate notice and an opportunity to be heard.

Accordingly, plaintiff fails to assert a colorable due process

5 - FINDINGS & RECOMMENDATION

claim and his failure to exhaust his administrative remedies should not be waived.

## CONCLUSION

I recommend that the Commissioner's motion to dismiss (#7) be granted.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 14, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due July 28, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  29th  day of  June , 2006.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

6 - FINDINGS & RECOMMENDATION